# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0842V

| | |
|---|---|
| ALEXEI RODIONOV,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 2, 2024 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On July 10, 2020, Alexei Rodionov filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On October 12, 2023, Petitioner filed an amended petition (ECF No. 44). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from influenza ("flu") and tetanus diphtheria acellular pertussis ("Tdap") vaccines received on October 19, 2017. Amended Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 18, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 2, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $45,000.00, in addition to a payment to satisfy a Medicaid lien. Proffer at 1-2. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum payment of $45,000.00 (for actual and projected pain and suffering, with any award for projected pain and suffering having been reduced to net present value) in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $1,637.60, representing compensation for satisfaction of the State of Pennsylvania Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> Equian
> P.O. Box 34060
> Louisville, KY 40232-4060
> Equian File Number: 12833818-12776854

Petitioner agrees to receive, endorse, and forward the check to Equian for satisfaction of the Medicaid lien.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALEXEI RODIONOV,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | No. 20-842V<br>Chief Special Master Corcoran |

**PROFFER ON AWARD OF DAMAGES**

On July 10, 2020, Alexei Rodionov ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of influenza and tetanus-diphtheria-acellular pertussis vaccines administered on October 19, 2017. Petition at 1.

On October 18, 2023, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his SIRVA. See Ruling on Entitlement (ECF No. 45).

I. **Items of Compensation**

　　A. **Pain and Suffering**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of $45,000.00 for actual and projected pain and suffering, in the form of a check payable to petitioner. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

B.  **Medicaid Lien**

Respondent proffers that petitioner should be awarded funds to satisfy the State of Pennsylvania Medicaid lien in the amount of $1,637.60.  This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Pennsylvania may have against any individual as a result of any Medicaid payments the State of Pennsylvania has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury of SIRVA suffered on or about October 19, 2017, under Title XIX of the Social Security Act.  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II. **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of **$45,000.00** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$1,637.60**, representing compensation for satisfaction of the State of Pennsylvania Medicaid lien, in the form of a check payable jointly to petitioner and:

> Equian
> P.O. Box 34060
> Louisville, KY  40232-4060
> Equian File Number: 12833818-12776854

Petitioner agrees to receive, endorse, and forward the check to Equian for satisfaction of the Medicaid lien.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                COLLEEN C. HARTLEY
                Assistant Director
                Torts Branch, Civil Division

                <u>s/Jennifer L. Reynaud</u>
                JENNIFER L. REYNAUD
                Senior Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 305-1586
                Jennifer.L.Reynaud@usdoj.gov

DATED:  May 2, 2024