# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0842V

| | |
|---|---|
| ALEXEI RODIONOV,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 30, 2024 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 10, 2020, Alexei Rodionov filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On October 12, 2023, Petitioner filed an amended petition (ECF No. 44). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from influenza ("flu") and tetanus diphtheria acellular pertussis ("Tdap") vaccines received on October 19, 2017. Amended Petition at 1. On May 2, 2024, I issued a decision awarding damages to Petitioner, based on Respondent's proffer. ECF No. 54.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $22,736.69 (representing $21,584.80 for fees and $1,151.89 for costs). Petitioner's Application for Attorneys' Fees, filed Sept. 3, 2024, ECF No. 60. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2. Respondent did not file a response.

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. I also note this case required additional briefing regarding the issue of entitlement, specifically severity. *See* Petitioner's Motion for a Ruling on the Record, filed Oct. 18, 2022, ECF No. 41. Petitioner's counsel expended approximately 6.6 hours drafting the motion. ECF No. 60 at 8. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for two postal charges of $6.50 each. ECF No. 60 at 9-20. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $22,736.69 (representing $21,584.80 for fees and $1,151.89 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Bridget Candace McCullough.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.